UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
UNITED STATES OF AMERICA,

    - against -

ANNA TSIRLINA, ALEKSANDR
SHUSTERMAN, ANDREI KURAKIN, and
STEVEN CHER,

                      Defendants.
---------------------------------------------------------- x

**MEMORANDUM & ORDER**

13 CR 305 (RJD)

DEARIE, District Judge

       Defendants Anna Tsirlina and Aleksandr Shusterman were convicted of perpetrating a visa fraud conspiracy. Shusterman pled guilty to one count of visa fraud conspiracy, and a jury later found Tsirlina guilty of one count of visa fraud conspiracy and ten counts of visa fraud. They were subsequently sentenced to terms of imprisonment of 24 months, and this Court required the Government to propose an order of restitution.

       Now before the Court are defendants' letter motions objecting to the Government's proposed order of restitution filed October 14, 2014. Shusterman objects on the grounds that he did not participate in the visa fraud conspiracies relating to certain victims, and therefore is not liable for restitution to them. Tsirlina objects on the grounds that: (1) the amount of restitution is improperly calculated as it includes client payments that Tsirlina applied toward immigration filing fees, and (2) the Government called witnesses at trial but did not adduce documentary evidence related to the amount of victims' injuries, violating Tsirlina's due process rights. For the reasons set forth below, these objections lack merit. The Government's proposed order of restitution is adopted by separate order.

## BACKGROUND

Defendants were charged with perpetrating a visa fraud conspiracy in violation of 18 U.S.C. § 371 and committing visa fraud in violation of 18 U.S.C. § 1546(a). These charges arose from defendants' involvement in a wide-ranging scheme to submit fraudulent employment-related visa applications on behalf of foreign nationals seeking to obtain or extend lawful status in the United States. In exchange for fees paid by these foreign nationals, defendants completed and submitted visa applications to immigration authorities claiming that these individuals would be hired for specialized occupations with U.S. companies and were therefore entitled to H1-B visas. In fact, all of this was a ruse. Defendants maintained sham companies, which were used to sponsor Tsirlina's clients for immigration applications, and created business letterhead and opened checking accounts for these fictitious corporate entities. Defendants also prepared fraudulent supporting documentation, including false offer-of-employment letters and fictitious resumes. In pleading guilty to conspiring to commit visa fraud, Shusterman admitted to undertaking these acts in furtherance of his conspiracy with defendants. Additionally, following a week-long trial, Tsirlina was convicted of one count of conspiring to commit visa fraud and ten counts of visa fraud. At the sentencing hearings for Tsirlina and Shusterman on July 25, 2014 and August 7, 2014, respectively, this Court directed the Government to identify potential victims of defendants' scheme to which restitution may be payable.

Certainly some of the clientele referred to Tsirlina knew that the visas being sought for them were not legitimate. That said, many of defendants' clients were non-English speakers, were unaware of the H-1B visa regulations, and were relying solely on the defendants for the preparation of materials for their visa applications. Some of those clients legitimately thought that they were paying for honest legal services and instead were the subjects of fraudulent

2

applications filed in their names. Following defendants' sentencing, the United States Probation Department contacted potential victims, instructing them to submit affidavits documenting their alleged losses in order to determine their entitlement to restitution. Based on those affidavits and investigations conducted by the Department of Homeland Security, the Government identified seven individuals that it believes are victims of defendants' conspiracy. The Government requests that an order of restitution be issued requiring Tsirlina and Shusterman to pay $25,155 in restitution to these individuals. Defendants filed their objections to this request on October 19 and October 22, 2014.

## DISCUSSION

The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, provides for mandatory restitution in all sentencing proceedings where (a) the offense was committed by fraud or deceit and (b) an identifiable victim has suffered a physical injury or pecuniary loss. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii), (c)(1)(B). The amount of restitution to be ordered is the "amount of loss caused by the specific conduct forming the basis for the offense of conviction." United States v. Gushlak, 728 F.3d 184, 195 n.7 (2d Cir. 2013) (quoting United States v. Silkowski, 32 F.3d 682, 688 (2d Cir. 1994)). The Government bears the burden of establishing loss amount, and "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." United States v. Bahel, 662 F.3d 610, 647 (2d Cir. 2011) (quoting 18 U.S.C. § 3664(e)). "The district court need not establish the loss with precision but rather 'need only make a reasonable estimate of the loss, given the available information.'" United States v. Carboni, 204 F.3d 39, 46 (2d Cir. 2000) (quoting United States v. Jacobs, 117 F.3d 82, 95 (2d Cir. 1997)). As nobody disputes that defendants' offense is one to

3

which mandatory restitution applies, or that the victims identified by the Government are entitled to restitution, the Court turns to defendants' specific objections.

A.   Objections of Shusterman

Shusterman objects to the proposed restitution order on the grounds that he did not participate in the visa fraud conspiracies relating to three of the victims identified by the Government, and therefore he should not be required to pay restitution to those individuals. Shusterman's objection lacks merit.

The MVRA authorizes district courts to hold co-conspirators jointly and severally liable for restitution owed to the victims of a conspiracy. See United States v. Nucci, 364 F.3d 419, 423 (2d Cir. 2004) (citing 18 U.S.C.A. § 3664(h)). Rejecting the argument that "the MVRA provides for restitution based only on the conduct of the defendant, and not on the conduct of others," the Second Circuit has held that a defendant is "liable for the reasonably foreseeable acts of all co-conspirators." United States v. Boyd, 222 F.3d 47, 50-51 (2d Cir. 2000). It does not matter that a defendant may "not have agreed on the details of the conspiracy" or may be "unaware" of his co-conspirator's acts. United States v. Gushlak, No. 03 CR 833, 2011 WL 782295, at *3 (E.D.N.Y. Feb. 24, 2011) (quoting United States v. Geibel, 369 F.3d 682, 689 (2d Cir. 2004)). Where a defendant "was a member of the conspiracy," his "offense was committed pursuant to the common plan of the conspiracy," and he "could reasonably have foreseen that a co-conspirator would commit the substantive offense," he is liable for restitution arising out of those offenses. Boyd, 222 F.3d at 51.

Here, the losses reflected in the proposed restitution order were readily foreseeable by Shusterman. Indeed, Shusterman pleaded guilty to conspiring with Tsirlina to commit visa fraud. He undertook numerous acts with Tsirlina in furtherance of the conspiracy, such as

4

creating sham corporations, creating false employment documents for those companies, and fabricating supporting documentation for visa applications. Even assuming that Shusterman had no knowledge of certain of Tsirlina's clients, it was reasonably foreseeable to him, as Tsirlina's partner and co-conspirator, that she would use the sham corporations and fraudulent documentation they had created to submit fraudulent visa applications on behalf of her clients.

Shusterman claims that the frauds relating to the three victims in question were "separate conspiracies" of which he was not a co-conspirator. But "a single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it may involve two or more phases or spheres of operation, so long as there is sufficient proof of mutual dependence and assistance." United States v. Berger, 224 F.3d 107, 114-15 (2d Cir. 2000) (citation omitted). The evidence supports a finding of a single conspiracy: Shusterman pled guilty to and Tsirlina was convicted of the same charge of conspiracy to commit visa fraud; the particular visa frauds – numbering over 250 – were all part of the same overriding scheme; these frauds were executed by the same group of co-conspirators; the frauds were mutually interdependent (e.g., the same sham corporations were used repeatedly); and the conspirators used the same distinctive method and means in their frauds. Accordingly, it is appropriate for the full amount of restitution to be imposed jointly and severally as to Tsirlina and Shusterman.

Shusterman also requests a hearing "in order for the government to attempt to establish its burden of persuasion and proof." No such hearing is required. "Pursuant to 18 U.S.C. § 3664(d)(5), so long as the victim's losses are ascertainable at least ten days before [ruling on restitution], and the documents supporting the victim's losses are provided to the defendant within this time-frame, the district court may decide restitution . . . without holding a separate evidentiary hearing." United States v. Hagerman, 506 F. App'x 14, 19 (2d Cir. 2012); see also

United States v. Sabhnani, 599 F.3d 215, 258 (2d Cir. 2010) (district court did not abuse its discretion in declining "to hold a full-blown evidentiary hearing" on restitution). Under the circumstances, the requirements for issuing a restitution order without holding a hearing have been satisfied. The victims' losses were ascertainable to defendants and copies of the documents supporting the victim's losses were provided to defendants within a relevant time frame. Shusterman does not rebut these findings, and despite ample opportunity, he does not indicate what evidence he would submit, or testimony he would elicit, at a hearing. As there is sufficient evidence to conclude, based on the record, that Shusterman is liable for restitution payable to all of the victims identified by the Government, the hearing request is denied.

B. Objections of Tsirlina

Tsirlina objects to the proposed restitution order on two grounds: (1) the amount of restitution improperly includes client payments that Tsirlina applied toward immigration filings fees, and (2) the Government called witnesses at trial but "chose not to adduce any of the documentary evidence at [trial] while the witnesses testified," in violation of her due process rights. Neither of these objections have basis in law.

First, "the purpose of restitution is essentially compensatory: to restore a victim, to the extent money can do so, to the position he occupied before sustaining injury." United States v. Boccagna, 450 F.3d 107, 115 (2d Cir. 2006). Consistent with that purpose, the MVRA provides that a "court shall order restitution to each victim in the full amount of each victim's losses." 18 U.S.C. § 3664(f)(1)(A). In seeking to exclude filing fee expenses from the measure of restitution, Tsirlina effectively seeks to limit her liability for restitution to the amount of her ill-gotten gains (i.e., her profits after paying filing fees). The Second Circuit has conclusively rejected substitution of ill-gotten gains for a victim's actual loss in awarding restitution. See

United States v. Zangari, 677 F.3d 86, 92-93 (2d Cir. 2012) ("We ... hold that a sentencing court ordering restitution under the MVRA may not substitute a defendant's ill-gotten gains for the victim's actual loss."). As the proper measure is the full amount of each victim's losses, the restitution order must reflect the sum paid by each victim to defendants, not the profits defendants reaped from their conspiracy.

Second, Tsirlina's due process rights were not violated by the Government's decision during trial not to present the evidence it has submitted in support of its request for restitution. The procedures employed by a district court in determining a restitution award do not run afoul of the Due Process Clause "so long as the defendant is given adequate opportunity to present [her] position." Gushlak, 728 F.3d at 194. Due process does not require the Government to present as documentary evidence at trial the materials it has submitted with its request for restitution. Tsirlina fails to cite authority holding otherwise. Moreover, the Second Circuit has held that restitution awards based on sworn affidavits from victims are consistent with due process principles. See id.; United States v. Schwamborn, 542 F. App'x 87, 88 (2d Cir. 2013); United States v. Payne, 125 F.3d 845, at *3-4 (2d Cir. 1997). Here, Tsirlina was given ample opportunity to challenge the affidavits and supporting evidence provided by the Government. In fact, the evidence relied upon by the Government relating to Boris Katanov and Ludmila Yaakobov *was* presented at trial as Exhibit 314c. Therefore, the Court declines to deny the Government's request for restitution on this basis.

For the reasons stated above, defendants' objections are DENIED. The Court accepts the Government's proposed order of restitution by separate order.

SO ORDERED.

Dated: Brooklyn, New York
November 21, 2014

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge